IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| RICHARD SINGLETON, RUTH SINGLETON, AMY SINGLETON, Individually and as Representative of THE ESTATE OF MARIANA SINGLETON, a Deceased Minor<br>  Plaintiffs | § § § § § § § | |
| VS. | § § | CIVIL ACTION NO. 2-06CV-222 |
| VOLKSWAGEN OF AMERICA, INC., a New Jersey Corporation; and VOLKSWAGEN, A.G., a foreign Corporation organized under the laws of Germany<br>  Defendant | § § § § § § | |

## VOLKSWAGEN OF AMERICA, INC.'S
## MOTION TO TRANSFER VENUE

**Comes now**, the Defendant, Volkswagen of America, Inc. (hereinafter referred to as "VWOA") and files this its Motion to Transfer Venue under 28 U.S.C. §1404(a) to the United States District Court for the Northern District of Texas, Dallas Division, and in support thereof would show the following:

### A. INTRODUCTION

1. This matter has been filed in the Marshall Division of the United States District Court for the Eastern Division of Texas despite there being no factual or legal nexus between the litigants, the legal controversy or any public policy justifying the suit being filed there. The following is beyond dispute:

a) The 1999 VW Golf claimed to be defective was sold in Dallas County, Texas;

b) All the witnesses either reside in the City of Dallas or the surrounding area;

c) The physical and documentary evidence is in Dallas or the surrounding area;

d) The Third Party Defendant driver, Colin R. Little, who VWOA contends caused the accident resides in Garland, Dallas County, Texas;

e) While their current address is not disclosed, at the time of the accident, the Plaintiffs lived in Plano, Collin County, Texas, which is in the Dallas area and in the Sherman Division of the United States District Court for the Eastern District of Texas;

f) Interestingly, the United States Courthouse in Sherman is further away from Plano than the one located in Dallas.

g) No public interest factor dictates that this matter be venued in Marshall, Texas; and

h) In regard to this suit, nothing occurred in Marshall, and thus this matter should not be tried in Marshall.

## B.  FACTUAL BACKGROUND

2. The 1999 Volkswagen Golf was sold on January 20, 1999, by Metro Volkswagen, Inc., 2035 West Airport Freeway, Irving, Dallas County, Texas, to Amy Singleton. None of the activities associated with the sale of the vehicle to Amy Singleton occurred outside Dallas County, Texas. (See Affidavit of Robert Cameron – Exhibit 1)

3. On Saturday, May 21, 2005, at approximately 9:24 a.m., a 1999 Volkswagen Golf being driven by Ruth Singleton, was proceeding west on IH 635, the Lyndon B. Johnson Freeway, in Dallas County, Texas, when its right rear was struck by the right front of a 1999 Chrysler 300 being driven by Colin R. Little.

4. As a result of the impact, the 1999 Golf both yawed almost 180° clockwise and traveled north and west, striking the left rear of a flat-bed trailer which was parked on the shoulder of the roadway with its left rear quarter panel.

5. As a result of the severity of the two impacts, the Golf sustained significant damage including alleged damage to the right front seat.  It is claimed that during the multi-vehicle, multiple impact accident that the occupant of the right front seat, Richard Singleton, and the occupant of the right rear seat, Mariana Singleton, received serious injuries.  It is reported that Mariana Singleton expired from her injuries at 10:15 a.m. that day.  (For Paragraphs 2 thru 4, see Texas Peace Officer's Accident Report – Exhibit 2)

6. Suit has been filed as a result of this accident in the United States District Court for the Eastern District of Texas, Marshall Division, in Marshall, Texas.

7. There is absolutely no factual or legal nexus between this accident which occurred in Dallas County, Texas (see Plaintiffs' Original Complaint, Paragraph 10), and Marshall, Texas.  The Plaintiffs, including the deceased minor, were by their own admission residents of Collin County, Texas at the time of the accident (see Plaintiffs' Original Complaint, Paragraphs 2, 3 and 4).  There is no suggestion in their pleading that their residence has changed in any way to justify venue in Marshall, Texas.

8. Colin R. Little, the driver of the 1999 Chrysler 300, that struck the 1999 Golf and caused it to go out of control was at the time of the accident and continues to be a resident of Garland, Dallas County, Texas.  A Third Party Complaint was filed against Mr. Little in conjunction with this Motion and the other initial pleading.  Mr. Little has a right to be sued in the place where he is claimed to have been negligent and where he lives, Dallas County.  (See Affidavit of Ken Shumaker – Exhibit 3)

9. The initial medical treatment at the accident scene was in Dallas County, Texas.  The EMS persons from the Dallas Fire Department that responded to the accident scene were dispatched from within Dallas County, Texas.  (See Texas Peace Officer's Accident Report – Exhibit 2)

10. The health care facilities that accepted and treated the injured Plaintiffs are located in Dallas County, Texas and were Children's Medical and Parkland Memorial.  (See Texas Peace Officer's Accident Report – Exhibit 2)

11. The two eye-witnesses named in the Texas Peace Officer's Accident Report, Irene Soto and Johnny Soto, reside in Garland, Dallas County, Texas.

12. The wrecker service that removed the vehicle was dispatched from within Dallas County.

13. Dr. Jeffrey Barnard, the medical examiner that performed the autopsy on the Decedent, Mariana Singleton, performed that autopsy in Dallas County, Texas and is a resident of Dallas County.

14. The travel distance from the United States District Courthouse in Dallas, Texas to the United States District Courthouse in Marshall, Texas is 150.41 miles.  The travel distance from the United States District Courthouse in Dallas, Texas to the United

States District Courthouse in Sherman, Texas is 64.09 miles. The travel distance from Plano, Texas where the Plaintiffs resided at the time of the accident to Marshall, Texas is 153.4 miles. The travel distance from Plano, Texas to the United States District Courthouse in Dallas is 21.7 miles and to the United States District Courthouse in Sherman is 43.8 miles (For Paragraphs 11 thru 14, see Affidavit of Ken Shumaker – Exhibit 3)

15. In short, there is absolutely no link between this matter and Marshall, Texas. Geographically, there is nothing closer to Marshall than the office of Plaintiffs' counsel in Tyler which is to be afforded no importance under a venue analysis.

### C.  MOTION TO TRANSFER VENUE FOR THE CONVENIENCE OF PARTIES AND WITNESSES

16. Based upon Paragraphs 2-14, VWOA, pursuant to 28 U.S.C. §1404(a) requests that the Court enter an Order transferring this action from the Marshall Division of the United States District Court for the Eastern District of Texas to the Dallas Division of the United States District Court for the Northern District of Texas and would urge that such transfer is in the interest of justice and for the convenience of all parties and witnesses.

17. Venue over this action is proper in the United States District Court for the Dallas Division of the Northern District of Texas because the accident, which forms the basis of this action, occurred in Dallas County, Texas, which is in the Dallas Division. (See Plaintiffs' Original Complaint, Paragraph 10, and 23 U.S.C. §124(a)(1)). All United States parties to this action are subject to process in the Dallas Division and the Dallas Division has jurisdiction over the subject matter of this action. VWOA has been

5

informed that Volkswagen, A.G. will not contest specific jurisdiction in the Dallas Division in this matter under the Texas Long Arm Statute.

18. The venue chosen by Plaintiffs is improper and inconvenient because the accident giving rise to this action occurred in the Dallas Division of the United States District Court for the Northern District, and none of the witnesses or parties to this matter or physical evidence or documents reside or are located in the Marshall Division of the Eastern District. None of the matters being litigated in this suit occurred in the Marshall Division of the Eastern District.

19. It is beyond dispute based upon the travel distances noted in Paragraph 14, above, that if time and expense were a consideration for Plaintiffs, they would have filed this matter in the United States District Courthouse in either Dallas or Sherman, Texas.

20. The Marshall Division of the Eastern District has no connection whatsoever to this action, except that it is the forum chosen by the Plaintiffs. However, Plaintiffs' choice of forum is not entitled to the customary degree of deference because the Plaintiffs do not reside in the Marshall Division of the Eastern District. As stated, none of the witnesses in this matter reside in the Marshall Division. At the time of the accident, Plaintiffs lived in Plano, Collin County, Texas, which is within the Sherman Division of the United States District Court for the Eastern District. (See 23 U.S.C. §124(c))

21. All occurrence witnesses, with the exception of the Plaintiffs, reside in the Dallas, Texas area, while Plaintiffs resided, as stated, in Plano, Collin County, Texas. The following is a list of witnesses developed since service upon VWOA on June 1, 2006, with their addresses, and areas of anticipated testimony or discoverable information

expected to be provided by each.  VWOA would expect that other individuals will become known as investigation continues and discovery begins.

| Name | County or Area of Residence | Potential Testimony |
| --- | --- | --- |
| Ruth Singleton, Plaintiff | Collin * | Accident |
| Richard Singleton, Plaintiff | Collin* | Accident |
| Amy Singleton, Plaintiff | Collin* | Accident |
| Colin R. Little, Third Party Defendant | Dallas | Accident |
| Sr. Corporal Kennie W. Wiginton** | Dallas | Accident investigation |
| Dallas Fire Department - EMS | Dallas area | Initial medical treatment and occupant locations |
| Wrecker Service | Dallas area | Final rest position of vehicles and post crash vehicles condition |
| Irene Soto ** | Dallas | Accident |
| Johnny Soto | Dallas | Accident |
| ER Nurses, ER Doctor, Medical Record Custodians at Parkland Memorial | Dallas area | Acute medical treatment and billing |
| ER Nurses, ER Doctor, Medical Record Custodians at Children's Medical | Dallas area | Acute medical treatment and billing |
| Dr. Jeffrey Barnard, Medical Examiner | Dallas area | Autopsy of Mariana Singleton |

*At the time of the accident
** See attached affidavit of inconvenience

None of the witnesses identified reside in the Marshall Division of the Eastern District. Affidavits of inconvenience from Kennie W. Wiginton and Irene Soto are attached as Exhibits 4 and 5, respectively.

**Availability of Compulsory Process for Witnesses.**

22. All of the non-party and non-expert witnesses reside in the Dallas area. The travel mileage by automobile has previously been provided.  There is no direct commercial air travel from Dallas, Texas to Marshall, Texas.  The closest available commercial airport to Marshall, Texas is Shreveport, Louisiana.  While there are direct

flights from Dallas, Texas to Shreveport, Louisiana through Dallas/Fort Worth Airport, one must then rent a car and drive to Marshall. This takes time and money. The United States District Courthouse in downtown Dallas is easily accessible from any part of the Dallas Metroplex. The Dallas Division is clearly more convenient for all non-party witnesses. All of the witnesses listed by VWOA are beyond this Court's subpoena power for deposition because they reside more than one-hundred (100) miles from Marshall, Texas. (See Affidavit of Ken Shumaker – Exhibit 2) Therefore, trial subpoenas would be subject to a Motion to Quash. This is important because the parties are only permitted a limited number of depositions to preserve testimony of unavailable witnesses while there is no limit on the number of trial subpoenas.

**Accessibility and Location of Sources of Proof and Location of the Collision Support Transfer.**

23. All of the evidence relating to Plaintiffs' claims in regard to the sale of the vehicle, multiple collisions, Plaintiffs' medical treatment and cause of death of the Decedent are located in Dallas County – none of the records or sources of proof are located in the Marshall Division of the Eastern District. All of the documents and physical evidence relating to the accident investigation are located in the Dallas area. Moreover, all of the acute health care providers and medical records relating to Plaintiffs' initial medical treatment or the Decedent's autopsy are located in the Dallas area. None of the acute health care providers or medical records or any other records are located in the Marshall Division of the Eastern District.

24. To the extent that the parties must resort to the subpoena power of the Court to obtain records, limitation upon the Court's subpoena power would make discovery and production of these records more difficult and more expensive. The

Marshall Division of the Eastern District would not have direct subpoena power to compel attendance of any witnesses or any of the documents or records in this cause from the Northern District. Moreover, since Marshall is more than a hundred miles from the Dallas area, as noted, all trial subpoenas would be subject to a motion to quash. All of Dallas County is well within the hundred mile range for trial subpoenas issued out of the Federal Courthouse in Dallas. As a result, Dallas is more convenient for all parties and witnesses, including non-party witnesses.

25. Plaintiffs' injuries were sustained during a complex automobile accident involving two high speed collisions with other vehicles. The testimony of eye witnesses, law enforcement, accident investigators and emergency response personnel will be essential to VWOA's defense in this matter. Moreover, testimony of eye witnesses, law enforcement personnel and other individuals who were actually involved in the accident will be essential to VWOA's ability to bring a Third Party Claim against Colin R. Little.

26. It is too early in the litigation for VWOA to gauge the need for a jury view of the scene of the crash. However, in the event VWOA determines it is appropriate to request a jury view of the scene of the crash or some other aspect of the accident, or vehicles involved in the accident, it would be much more convenient if this matter is transferred to Dallas. Venue in the Dallas Division of the Northern District will make access to witnesses and sources of proof more convenient for all parties as well as all non-party witnesses.

**Residence and Venue Rights of Third Party Defendant, Colin R. Little**

27. Based upon the Texas Peace Officer's Accident Report prepared by the Dallas Police Department and its initial investigation, VWOA has prepared and is filing a

Third Party Complaint against Colin R. Little, as the party responsible for the accident and resultant injuries to Plaintiff Richard Singleton and death suffered by Plaintiffs' Decedent, Mariana Singleton.  Mr. Little resides at 5606 Edgemere Circle, Garland, Texas 75043, which is within Dallas County and thus, the Dallas Division of the Northern District of Texas.  Without the addition of Mr. Little as a Third Party Defendant, the jury cannot determine the comparative responsibility of the parties under Chapter 33, Proportionate Responsibility, Texas Practice & Remedies Code.  Mr. Little has venue rights which dictate transfer to the Dallas Division of the United States District Court for the Northern District.

**Relative Congestion of the Court's Docket**

28. Both the United States District Courts in the Dallas Division of the Northern District and the Courts of the Marshall Division of the Eastern District move cases along with relative promptness.  (See U.S. District Court-Judicial Caseload Profile Reports attached as Exhibit 6)  Therefore, Plaintiffs are not likely to suffer any undue delay as a result of a transfer to the Dallas Division.

**Local Interest in Having Localized Disputes Decided at Home**

29. Plaintiffs' suit arises from a Dallas County, Texas accident involving an initial collision between a vehicle occupied by Plaintiffs, and a vehicle driven by a resident of Dallas County, Texas.  The accident was investigated by the Dallas Police Department and Plaintiffs received emergency rescue and initial medical treatment in Dallas County, Texas.  None of the events giving rise to this lawsuit occurred in the Marshall Division of the Eastern District nor do any of the parties or any of the witnesses reside in the Marshall Division of the Eastern District of Texas.  Therefore, the burden of

the jury duty and resolution of this dispute should be borne by the courts and citizens of the Dallas Division and not the Marshall Division. The residents of the Dallas Division have a greater interest in this matter, involving an auto accident in their area, than do the residents of the Marshall Division. No public policy grounds exist to justify maintaining venue in Marshall.

**Familiarity of Forum with the Law Governing the Case and Avoidance of Unnecessary Problems of Conflicts of Laws**

30. The accident occurred in Dallas, Texas. Federal Courts are obligated to apply the substantive State law in diversity cases. Texas law will apply whether the matter is tried in Marshall or Dallas. Transfer of this case will not create any problems or issues with respect to governing law or unnecessary problems of conflicts of laws.

31. In support of its Motion, Defendant relies upon the following proof:

(a) Affidavit of Robert Cameron regarding VWOA – Exhibit 1;

(b) Texas Peace Officer's Uniform Accident Report – Exhibit 2;

(c) Affidavit of Ken Shumaker – Exhibit 3;

(d) Affidavit of Kennie W. Wiginton regarding inconvenience – Exhibit 4

(e) Affidavit of Irene Soto regarding inconvenience – Exhibit 5

(f) Caseload Profile Reports for the Eastern District – Exhibit 6.

WHEREFORE, PREMISES CONSIDERED, VWOA moves the Court to enter an Order transferring venue of the captioned cause from the Marshall Division of the Eastern District to the Dallas Division of the United States District Court for the Northern District of Texas in accordance with the procedures established by 28 U.S.C. §§1404 and 1406.

Respectfully submitted,

_____/S/_____
Burgain G. Hayes
Attorney in Charge
Texas State Bar No. 09271300
Federal ID No. 36737
P O Box 10447
Austin, Texas 78766
(512) 472-2193 Telephone
(512) 371-0989 Telecopier

**Attorney for Defendant**
**VOLKSWAGEN OF AMERICA, INC.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY a true and correct copy of the foregoing instrument has been duly and properly served upon all counsel herein via First Class U.S. postage prepaid in accordance with the Federal Rules of Civil Procedure on this 21st day of June, 2006.

**PLAINTIFFS' COUNSEL**

Jeffrey T. Embry
HOSSLEY EMBRY, L.L.P.
313 E. Charnwood
Tyler, Texas 75701

Thomas A. Crosley
THE CROSLEY LAW FIRM, P.C.
755 East Mulberry, Suite 250
San Antonio, Texas 78212

_____/S/_____
Burgain G. Hayes