**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| RICHARD SINGLETON, RUTH | § | |
| SINGLETON, AMY SINGLETON, | § | |
| Individually and as Representative of THE | § | |
| ESTATE OF MARIANA SINGLETON, a | § | |
| Deceased Minor, | § | |
|      Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2-06-CV-222 (TJW) |
| | § | |
| VOLKSWAGEN OF AMERICA, INC., a | § | |
| New Jersey Corporation; and | § | |
| VOLKSWAGEN, A.G., a foreign Corporation | § | |
| organized under the laws of Germany | § | |
|      Defendants. | § | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Before the Court is Defendant Volkswagen of America, Inc.'s Motion to Transfer Venue

(Doc. No. 3).  After considering the filings of the parties and the applicable law, the Court ORDERS

that the defendant's motion be DENIED for the reasons expressed below.

**I.      Factual Background**

This products liability action arises out of alleged injuries sustained by the plaintiffs as the

result of an automobile accident.  On May 21, 2005, the plaintiffs, residents of Collin County, Texas,

were in a 1999 Volkswagen Golf being driven by Ruth Singleton when it was struck in the rear by

a 1999 Chrysler 300 driven by Colin R. Little.  As a result of the impact, the 1999 Volkswagen Golf

spun around and struck the rear of a flat-bed trailer, owned by Skinner Nurseries of Denton County,

Texas, parked on the shoulder.  The two passengers in the Volkswagen, Richard and Mariana

Singleton, received serious injuries.  Mariana Singleton died after being transported to a hospital.

The plaintiffs contend that  Defendant Volkswagen of America, Inc. ("VWOA") is responsible for

their injuries as a result of the alleged defective design of the passenger seat and seat assembly of the 1999 Volkswagen Golf.

On May 30, 2006, the plaintiffs filed suit in this court, asserting claims of strict liability, breach of warranty, and negligence against VWOA and Volkswagen, A.G.  VWOA is a subsidiary of Volkswagen, A.G., and a corporation organized under New Jersey law.  Volkwagen, A.G. is a German corporation.  VWOA seeks to have this action transferred to the Dallas Division of the Northern District of Texas pursuant to 28 U.S.C. § 1404(a) for the convenience of the parties and witnesses.

## II.   Discussion

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any district or division where it might have been brought." 28 U.S.C. § 1404(a) (2004).  It is within the district court's sound discretion whether to transfer venue under section 1404(a).  *Mohamed v. Mazda Corp.*, 90 F. Supp. 2d 757, 768 (E.D. Tex. 2000).  When considering whether to transfer venue, the district court "must exercise its discretion in light of the particular circumstances of the case." *Hanby v. Shell Oil Co.*, 144 F. Supp. 2d 673, 676 (E.D. Tex. 2001); *In re Triton Ltd. Sec. Litig.*, 70 F. Supp. 2d 678, 688 (E. D. Tex. 1999) (stating that district courts have the discretion to decide whether to transfer venue according to "individualized, case-by-case consideration of convenience and fairness").

Under Section 1404(a), the analysis remains the same regardless of whether the party moves for *inter* or *intra* district transfer.  *Mohamed*, 90 F. Supp. 2d at 768.   When deciding whether to transfer venue, the court balances the following two categories of interests: "(1) the convenience of the litigants, and (2) the public interests in the fair and efficient administration of justice." *Hanby*,

2

144 F. Supp. 2d at 676.  The convenience factors weighed by the district court are the following: (1) the plaintiff's choice of forum; (2) the convenience of the parties and material witnesses; (3) the place of the alleged wrong; (4) the cost of obtaining the attendance of witnesses and the availability of the compulsory process; (5) the accessibility and location of sources of proof; and (6) the possibility of delay and prejudice if transfer is granted. *Mohamed*, 90 F. Supp. 2d at 771.  The court also balances the following public interest factors: (1) the administrative difficulties caused by court congestion; (2) the local interest in adjudicating local disputes; (3) the unfairness of burdening citizens in an unrelated forum with jury duty; and (4) the avoidance of unnecessary problems in conflict of laws. *Id.*  The moving party bears the burden of demonstrating that venue should be transferred to another forum. *Hanby*, 144 F. Supp. 2d at 676.  To meet this burden, the moving party must show that "the balance of convenience and justice *substantially* weighs in favor of transfer." *Mohamed*, 90 F. Supp. 2d at 768.

   A.      *Convenience Factors*

### 1.  The plaintiff's choice of forum

   The plaintiff's choice of forum is "a paramount consideration in any determination of [a] transfer request, and that choice should not be lightly disturbed." *In re Triton Ltd. Sec. Litig.*, 70 F. Supp. 2d 678, 688 (E.D. Tex. 1999) (quoting *Young v. Armstrong World Indus.*, 601 F. Supp. 399, 401 (N.D. Tex. 1984)).  The plaintiff's choice of forum will not be disturbed unless it is clearly outweighed by other factors. *Shoemake v. Union Pac. R.R. Co.*, 233 F. Supp. 2d 828, 830 (E.D. Tex. 2002).  In a diversity action, such as this, venue is proper in a judicial district in which "any defendant resides."  28 U.S.C. § 1391(a)(1) (2005).  When the defendant is a corporation, the corporation is "deemed to reside in any district in that State within which its contacts would be

3

sufficient to be subject it to personal jurisdiction...."  28 U.S.C. § 1391(c) (2005).  In this case, the

Plaintiffs' choice of forum is the Marshall Division of the Eastern District of Texas.  Venue is proper

in the Eastern District of Texas because there is no question that VWOA, a corporation licensed to

do business in the State of Texas, is subject to the personal jurisdiction of this District.  Furthermore,

venue is proper in any division in this District.

2. The convenience of parties and material witnesses

The Court will first assess the convenience of the parties.  In assessing the convenience of

parties, third-party defendants are parties whose convenience must also be considered.  *In re

Volkswagen*, 371 F.3d 201, 204 (5th Cir. 2004) (stating that "nothing in § 1404(a)...limits the

application of the terms 'parties' and 'witnesses' to those involved in an original complaint.").  The

convenience of the parties is accorded less weight in a transfer analysis than the convenience of non-

party witnesses.  *Shoemake*, 233 F. Supp. 2d at 832.  In this case, the Defendants include a foreign

corporation based in Germany and its subsidiary organized under the laws of New Jersey.  The

Defendants will be inconvenienced regardless of whether the case is transferred.  On the other hand,

at the time of the accident, the Plaintiffs resided in Plano, Collin County, Texas, and Mr. Little, the

third-party defendant, resided in Garland, Dallas County, Texas.  The distance between Plano and

Marshall is approximately 153 miles, and the distance from Garland to Marshall is approximately

150 miles.  Neither distance is far enough to weigh substantially in favor of a transfer.  In the Court's

view, the convenience of the parties does not weigh in favor of transfer.

The Court now considers the convenience of the witnesses.  Generally, in a venue transfer

analysis, the most important factor considered is whether "key fact witnesses" will be substantially

4

inconvenienced if the court should deny transfer.  *Mohamed,* 90 F. Supp. 2d at 774.  Further, the convenience of non-party witnesses weighs more heavily in favor of transfer than the convenience of party witnesses.  *Shoemake*, 233 F. Supp. 2d at 832.  The moving party must "specifically identify key witnesses and outline the substance of their testimony."  *Mohamed*, 90 F. Supp. 2d at 775 (quoting *Hupp v. Siroflex of America, Inc.*, 848 F. Supp. 744, 749 (S.D. Tex. 1994)).

In its moving papers, the Defendant has submitted a list of potential witnesses who all live and work in Dallas County or the Dallas area.  *Defendant's Motion to Transfer Venue ("Defendant's Motion")* at 7.  These witnesses include the third-party defendant, accident witnesses, accident investigators, treating medical personnel, and the medical examiner.  Further, the Defendant has submitted two affidavits, one from an accident witness and the other from the accident investigator, stating their inconvenience of traveling to Marshall.  *See Exhibits 4 and 5 attached to Defendant's Motion*.  However, the Defendant did not explain why all of these witnesses are actually material to its case.  Further, the Defendant did not outline the substance of these witnesses' testimony.  With such scant information about these individuals, the Court cannot determine that they are indeed key fact witnesses whose convenience should be assessed in this analysis.  Nevertheless, after considering the convenience of the witnesses, the Court finds that the convenience of non-party witnesses does not weigh in favor of transfer.  The Defendant has not shown that its material,  non-party witnesses will be *substantially* inconvenienced if the Court denies transfer.  The Defendant submits to the Court that Dallas is approximately 155 miles from Marshall.  *See Exhibit 3 attached to Defendant's Motion*.  This distance, however, is not substantial.  *Mohamed*, 90 F. Supp. 2d at 776 (stating that "[g]iven the advances in transportation and communication, the [150 mile] distance between Marshall and Dallas is negligible.")  This case is not analogous to *In re Volkswagen* where

5

the non-party witnesses would have had to drive or fly a distance of approximately 400 miles to

Marshall.  *In re Volkswagen*, 371 F.3d at 204.

### 3. The place of the alleged wrong

It is undisputed that the alleged accident occurred in Dallas County, Texas, which is within

the Dallas Division of the Northern District of Texas.  However, the location of the product design

and manufacture are also relevant, and occurred outside the Northern District of Texas.  This factor

weighs only slightly in favor of transfer.

### 4.  The cost of obtaining the attendance of witnesses and
### the availability of compulsory process

In its moving papers, the Defendant states that the cost of bringing non-party and non-

expert witnesses to Marshall would include time and money.  *Defendant's Motion* at 8.  Given

the proximity of Dallas to Marshall, the cost of having these witnesses attend a trial in Marshall

would be minimal.  *Mohamed*, 90 F. Supp. 2d at 776 (stating that this Court will not "transfer a

federal lawsuit for the sole reason of preventing a two-and-a-half hour drive by a few

witnesses.")  Thus, the cost of obtaining the attendance of witnesses does not weigh in favor of

transfer.

The Defendant also states that all of the witnesses are outside of this Court's subpoena

power because they reside more than one hundred miles from Marshall.  *Defendant's Motion* at

8.  The Defendant misconstrues the subpoena power of this Court.  A court may compel any

witness residing in the state in which the court sits to attend trial, subject to reasonable

compensation if the witness incurs substantial expense.  *See* Fed.R.Civ.P. 45(c)(3).  Under this

6

rule, this Court's subpoena power extends to all of the witnesses listed by the Defendant because they all reside in the State of Texas.  Therefore, this factor does not weigh in favor of transfer.

<u>5. The accessibility and location of sources of proof</u>

The Court notes that this factor has become less significant in a transfer analysis because of the advances in copying technology and information storage.  *Mohamed*, 90 F. Supp. 2d at 778.  The Defendant argues that the evidence is more easily accessible from the Dallas Division of the Northern District of Texas because all of the documents and physical evidence relating to the accident, and other documents are in or near Dallas County.  *Defendant's Motion* at 8.  Any documents or evidence can be easily transported to Marshall.  In the Court's view, this factor does not weigh in favor of transfer.

<u>6.  The possibility of delay and prejudice if transfer is granted</u>

The Fifth Circuit has suggested that this factor may be relevant in a transfer analysis "only in rare and special circumstances and when such circumstances are established by clear and convincing evidence."  *Shoemake*, 233 F. Supp. 2d at 834 (citing *In re Horseshoe Entm't*, 305 F.3d 354, 358 (5th Cir. 2002)).  Because it is early in the litigation, the Plaintiffs would not be prejudiced by a transfer.  *Ledoux v. Isle of Capri Casinos, Inc.*, 218 F. Supp. 2d 835, 838 (E.D. Tex. 2002).  Therefore, this factor is neutral.  *Id.*

B.     *Public Interest Factors*

<u>1. The administrative difficulties caused by court congestion</u>

The Court should consider any administrative difficulties caused by court congestion in its transfer analysis.   In its moving papers, Defendant states that both the Dallas Division of the

Northern District and the Marshall Division of the Eastern District "move cases along with relative promptness." *Defendant's Motion* at 10.  After considering this factor, the Court is not persuaded that it weighs in favor of transfer.

## 2.  The local interest in adjudicating local disputes

There is a local interest in resolving this litigation among the residents of the Dallas Division of the Northern District of Texas because the automobile accident occurred there. Furthermore, because the Defendant has brought a third-party claim against Colin Little, residents of the Dallas Division of the Northern District of Texas have an interest in a case involving one of their fellow residents that arose out of an accident within the Division.  As the Plaintiffs point out, however, the citizens of Marshall also have an interest in this product liability case because the product is available in Marshall.  *Plaintiffs' Response to Defendant's Motion to Transfer Venue* at 10-11.  Therefore, this factor is neutral.

## 3. The unfairness of burdening citizens in an unrelated forum with jury duty

Defendant contends that the residents of the Marshall Division should not be burdened with the jury duty and resolution of this dispute.  *Defendant's Motion* at 10-11.  Although the accident occurred in the Dallas Division of the Northern District of Texas, the Plaintiff's product liability claims against the Defendant are related to the Marshall Division.  The citizens of Marshall would be interested to know whether there are defective products offered for sale in close proximity to the Marshall Division and whether they are being exposed to these products. *See Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 780 (E.D. Tex. 2000).  Therefore, this factor weighs against transfer.

<u>4. The avoidance of unnecessary problems in conflict of laws</u>

The plaintiffs assert products liability, breach of warranty, and negligence claims that arise under Texas law, and the defendant seeks a transfer between two federal district courts within the State of Texas.  Consequently, the Court finds that this factor is inapplicable in this transfer analysis.

## III.    Conclusion

The Court has considered the applicable factors under 28 U.S.C. § 1404(a).  Although some factors weigh in favor of a transfer, others do not.  The Defendant has not satisfied its burden of showing that the balance of convenience and justice substantially weighs in favor of transfer in this case.  Upon application of the section 1404(a) factors to this case, the Court has exercised its discretion and has concluded that transfer to the Dallas Division of the Northern District of Texas is not warranted.  Accordingly, the Court **DENIES** the Defendant's Motion to Transfer Venue.

SIGNED this 11th day of September, 2006.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE