**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| RICHARD SINGLETON, RUTH SINGLETON, AMY SINGLETON, Individually and as Representative of THE ESTATE OF MARIANA SINGLETON, a Deceased Minor, <br>    Plaintiffs, <br><br>v. <br><br>VOLKSWAGEN OF AMERICA, INC., a New Jersey Corporation; and VOLKSWAGEN, A.G., a foreign Corporation organized under the laws of Germany <br>    Defendants and <br>    Third-Party Plaintiff <br><br>v. <br><br>COLIN R. LITTLE <br>    Third-Party Defendant | § § § § § § § § § § § § § § § § § § § § § § §   CIVIL ACTION NO. 2-06-CV-222 (TJW) |

**<u>MEMORANDUM ORDER</u>**

Before the Court is Volkswagen of America, Inc.'s ("VWOA") Motion for Reconsideration of the Court's Memorandum and Order denying VWOA's Motion to Transfer Venue (#23). After carefully considering the parties' filings, the motion is DENIED.

**I.    Introduction**

This products liability action arises out of alleged injuries sustained by the plaintiffs as the result of an automobile accident. On May 21, 2005, the plaintiffs, residents of Collin County, Texas, were in a 1999 Volkswagen Golf being driven by Ruth Singleton when it was struck in the rear by a 1999 Chrysler 300 driven by Colin R. Little. As a result of the impact, the 1999 Volkswagen Golf spun around and struck the rear of a flat-bed trailer, owned by Skinner Nurseries of Denton County,

Texas, parked on the shoulder. The two passengers in the Volkswagen, Richard and Mariana Singleton, received serious injuries. Mariana Singleton died after being transported to a hospital. The plaintiffs contend that Defendant Volkswagen of America, Inc. ("VWOA") is responsible for their injuries as a result of the alleged defective design of the passenger seat and seat assembly of the 1999 Volkswagen Golf.

On May 30, 2006, the plaintiffs filed suit in this court, asserting claims of strict liability, breach of warranty, and negligence against VWOA and Volkswagen, A.G. VWOA is a subsidiary of Volkswagen, A.G., and a corporation organized under New Jersey law. Volkwagen, A.G. is a German corporation. VWOA requests this Court to reconsider its denial of VWOA's motion to transfer to the Dallas Division of the Northern District of Texas pursuant to 28 U.S.C. § 1404(a).

## II.     Analysis

VWOA requests the Court reconsider five factors in its analysis to transfer venue - 1) Plaintiffs' choice of forum, 2) Convenience of non-party witnesses, 3) the Court's subpoena power, 4) Place of alleged wrong, and 5) Local interest in this case.

### A.     Plaintiffs' Choice of Forum

Plaintiffs were residents of the Eastern District of Texas at the time of the accident. Contrary to VWOA's assertion, "decisive weight" was not given to Plaintiffs' choice of forum. Plaintiffs' choice of forum was a factor considered to weigh against transfer. *See In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003).

### B.     Convenience of Non-Party Witnesses

The distance from Dallas to Marshall is approximately 155 miles, which is only 2 or 2 ½ hours one-way. This is not substantial and, therefore, this factor does not weigh in favor of transfer.

### C.      Court's Subpoena Power

The Court's subpoena power extends to any witness residing in the state in which the court sits. *See* Fed.R.Civ.P. 45(c)(3)(A)(ii). The Court's subpoena power of non-party witnesses required to travel more than 100 miles is subject to a motion to quash or modification if the witness incurs substantial expense. *See id.*; Fed.R.Civ.P. 45(c)(3)(B)(iii). VWOA does not contend that travel from Dallas to Marshall by non-party witnesses would incur substantial expense. Accordingly, this factor does not weigh in favor of transfer.

### D.      Place of Alleged Wrong

Although the accident took place in the Northern District of Texas, the case brought by Plaintiffs against VWOA is a products liability action. Many of the alleged wrongs took place outside of the Northern District of Texas, and, therefore, this factor slightly weighs in favor of transfer.

### E.      Local Interest

VWOA argues that this accident occurred in, and involves a resident of, the Northern District of Texas. However, it also involves residents of the Eastern District of Texas, and, therefore, the citizens of this district would have an interest in this case. Furthermore, the citizens of this district would also be interested to know whether there are defective products offered for sale in close proximity to the Marshall Division and whether they are being exposed to these products. Accordingly, this factor is neutral as to transfer.

## III.    Conclusion

The Court remains persuaded that denial of the motion to transfer venue to the Northern District of Texas was proper, notwithstanding VWOA's challenges to the contrary. Accordingly,

the VWOA's motion for reconsideration is DENIED.

SIGNED this  7th  day of December, 2006.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE